**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA, and Building Industry Association of California, et al., Respondents.**

No. 79–7392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1983.

Decided June 27, 1983.

Elliott Moore, Paul Spielberg, Washington, D.C., for petitioner.

James P. Watson, Cox, Castle, Nicholson & Weekes, Los Angeles, Cal., John W. Prager, Jr., Musick, Peeler & Garrett, Newport Beach, Cal., for respondents.

Before ELY, HUG and CANBY, Circuit Judges.

CANBY, Circuit Judge:

The NLRB has petitioned for enforcement of its order declaring a construction industry collective bargaining agreement unenforceable to the extent that a subcontracting provision may be enforced by eco-

nomic sanctions. We find that the issues in this case were resolved by the decisions in *Pacific Northwest Chapter of the Associated Builders & Contractors v. National Labor Relations Board,* 654 F.2d 1301 (9th Cir.1981) (en banc) (*Pacific Northwest*), modified sub nom. *Woelke & Romero Framing, Inc. v. National Labor Relations Board,* 456 U.S. 645, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982) (*Woelke*), and *Griffith Co. v. National Labor Relations Board,* 660 F.2d 406 (9th Cir.1981), *cert. denied,* 457 U.S. 1105, 102 S.Ct. 2903, 73 L.Ed.2d 1313 (1982) (*Griffith*). Accordingly, we enforce the order of the Board.

## FACTS

Coast Construction Company (Coast), through its membership in an employer association, was a party to the Master Labor Agreement for 1974–77 (MLA), a collective bargaining agreement with various building and construction unions. The MLA contained a "subcontracting provision," which forbade the employers from assigning jobsite work covered by the MLA to any subcontractor that did not have a current labor agreement with the appropriate union. The MLA also contained a "self-help enforcement provision," which removed the no-strike protection afforded by the MLA if an employer failed to comply with a settlement or decision reached through the MLA grievance and arbitration procedures. The self-help provision applied to all portions of the MLA, including the subcontracting provision.

While involved in a construction project in 1975–76, Coast did not employ directly anyone within the craft jurisdictions of any MLA unions. Coast did, however, subcontract drywall and roofing work on the project to nonunion firms, in apparent violation of the subcontracting provision. The District Council of Carpenters then filed a grievance under the MLA against Coast. Coast was found to have violated the MLA by subcontracting the roofing work, and was ordered to pay $5,000 to the Carpenters' Health and Welfare Fund as a penalty.[1]

Coast then filed an unfair labor practice charge with the Board, alleging that the MLA's subcontracting provision violated section 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e), and that the unions and employer associations party to the MLA violated section 8(e) by enforcing the subcontracting provision against Coast. The Board found that although the subcontracting provision itself did not violate section 8(e), the MLA did contravene section 8(e) because the self-help enforcement provision would permit enforcement of the subcontracting provision by economic action. The Board ordered the parties to cease and desist from "[e]ntering into, maintaining, giving effect to, or enforcing the [MLA] ... to the extent found unlawful by reason of self-enforcement provisions."

## ANALYSIS

The construction industry has a special exemption from the general provisions of section 8(e) banning "hot cargo" agreements. This court and the Supreme Court have held that the construction industry proviso shelters subcontracting provisions "that are sought or negotiated in the context of a collective bargaining relationship, even when not limited in application to particular jobsites at which both union and nonunion workers are employed." *Woelke,* 456 U.S. at 666, 102 S.Ct. at 2083, 72 L.Ed.2d at 415. This court also held that economic pressure cannot be used to enforce a subcontracting provision, *Pacific Northwest,* 654 F.2d at 1324, a ruling the Supreme Court did not disturb. *Woelke,* 456 U.S. at 652 n. 7, 102 S.Ct. at 2076 n. 7, 72 L.Ed.2d at 406 n. 7. The Board's order in this case was consistent with *Woelke* and *Pacific Northwest.*

The Board's order in this case was written prior to our opinions in *Pacific North-*

---

1. The parties have not informed us of the final results, if any, of the arbitration of the grievance over the drywall work.

*west* and *Griffith,* and might well have been worded differently if issued today. Nonetheless, the order clearly finds the MLA unlawful only to the extent that it authorizes economic pressure to enforce the subcontracting provision. First, the cease-and-desist portion of the order only prohibits the parties from giving effect to the MLA "to the extent found unlawful by reason of the self-enforcement provisions" and "to the extent it contravenes Section 8(e)." Second, the order does not require the parties to lift the $5,000 penalty imposed on Coast for violating the subcontracting provision. The Board therefore did not invalidate the entire subcontracting provision. The operation of the order is therefore not inconsistent with *Griffith,* where we held that "only that part of a contract that exceeds the limits of the construction industry proviso is negated." 660 F.2d at 410, *accord Burke v. French Equipment Rental, Inc.,* 687 F.2d 307, 311 (9th Cir.1982). We therefore enforce the Board's order.

■ The Board's order requires the respondents to mail copies of a notice stating that they will no longer give effect to the MLA to the extent it violates federal law. Respondents argue that this portion of the order is overbroad and unnecessary because the MLA expired several years ago. We disagree. The Board has broad discretion in fashioning remedies; accordingly, "its choice of remedy must therefore be given special respect by reviewing courts." *National Labor Relations Board v. Gissel Packing Co.,* 395 U.S. 575, 612 n. 32, 89 S.Ct. 1918, 1939 n. 32, 23 L.Ed.2d 547 (1969); *Fibreboard Paper Products Corp. v. National Labor Relations Board,* 379 U.S. 203, 216, 85 S.Ct. 398, 406, 13 L.Ed.2d 233 (1964). While the notice may not accomplish much at this late date, the order was reasonable when given and was not an abuse of discretion.

Finally, the Board has moved to strike Coast's entire supplemental brief and a portion of respondents' supplemental brief as arguing two additional issues not raised in the opening briefs. We agree and grant the motion.

We enforce the order of the Board in its entirety.